IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Crim. No. 12-47-LPS |
| | ) | |
| REINALDO MORALES FIGUEROA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

1. On June 26, 2012, a federal grand jury indicted Reinaldo Morales Figueroa ("Defendant") on a charge of knowingly possessing a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (D.I. 10)

2. In anticipation of the jury trial scheduled to commence on November 13, 2013, the government moved *in limine* for a pretrial ruling allowing the admission of evidence pursuant to Federal Rule of Evidence 404(b).[1] (D.I. 42)

3. During a pretrial conference on October 16, 2013, the Court granted most of the government's motion, as defense counsel explained that Defendant did not oppose those portions

---

[1] Federal Rule of Evidence 404(b) provides, in pertinent part, that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Such evidence, however, "may be admissible for another purpose, such as proving . . . knowledge . . . ." In order to admit evidence pursuant to Rule 403, the proponent of the evidence "must clearly articulate how that evidence fits into a chain of logical inferences, no link of which may be the inference that the defendant has the propensity to commit the crime charged." *United States v. Himmelwright*, 42 F.3d 777, 782 (3d Cir. 1994).

of the motion. (*See* Oct. 16, 2013 transcript ("Tr.") at 4-5, 14) Accordingly, the Court has already determined that the government will be permitted to admit into evidence various ammunition and loose firearm magazines that law enforcement personnel will testify they seized during the search of the property where Defendant was arrested. (D.I. 42 at 3) Defendant opposes admission of the blue bulletproof vest that the government's witnesses will testify was found under a cushion of a love seat located near the bed in which Defendant was found. (Tr. at 5) At the pretrial conference, the Court stated it would consider this issue further and rule on it prior to trial. (Tr. at 14)

4.  Having considered the parties' arguments, the Court has decided that the government may introduce the bulletproof vest into evidence. It appears that the main contested issue at trial is going to be whether Defendant knowingly possessed the firearm that was found under pillows located on the bed where Defendant was sleeping. The bed was part of a pull-out couch and was located in a room that was part of a garage or series of garages. (*See* D.I. 34; D.I. 42 at 2-3) Defendant was found wearing only boxer shorts and had his hands underneath pillows. Under the specific circumstances presented in this case, the Court concludes that the Rule 403 balance does not warrant excluding evidence of the vest found hidden under a cushion of the love seat located next to the bed.

5.  Three of the four steps of the Rule 404(b) analysis are not in dispute. *See United States v. Givan*, 320 F.3d 452, 460 (3d Cir. 2003); *see also* Tr. at 9 (defense counsel stating he is only disputing balancing step). The government has articulated a proper purpose for admission of the vest: if the jury believes that Defendant knew about the vest, it makes it more likely he knew about all of the firearms-related contents of the space in which he was found, and therefore

2

makes it more likely he also knew about the firearm he is charged with knowingly possessing; i.e., the firearm found under the pillow on the bed, where Defendant's hands were also seen to be at the time of his arrest. The same reasoning establishes that the vest is relevant. And the Court will give the jury an appropriate limiting instruction at the time the vest is introduced.

6.   As for the balance between probative value and unfair prejudice, the Court finds that the probative value is outweighed by the potential for unfair prejudice – but the probative value is not *substantially* outweighed by the potential for unfair prejudice.[2] The probative value is substantial: if the jury believes Defendant knew about the bulletproof vest that was hidden in a love seat next to his bed (*see* Tr. at 8, 11), the jury may also conclude that Defendant knew about and possessed the firearm that was hidden under the pillow on the bed on which Defendant was found. However, the probative value is somewhat reduced because, as Defendant emphasizes (*see id.* at 5-6), the vest was hidden, and Defendant may have had no knowledge of or connection to it. Turning to the danger of unfair prejudice, it, too, is substantial. The parties advised the Court that a license is necessary in order to lawfully possess a bulletproof vest (*see id.* at 10, 13), and while the jury will not hear evidence that Defendant lacked such a license, there is a risk the jury will nonetheless infer that Defendant unlawfully possessed the vest. Further, there is a risk the jury will speculate that Defendant could have had no legitimate purpose for a bulletproof vest and therefore conclude he must necessarily have been engaged in unlawful conduct. (*See* D.I. 42

---

[2] The government cites cases in which courts have admitted evidence of bulletproof vests a defendant was found wearing. *See, e.g., United States v. Lee*, 612 F.3d 170 (3d Cir. 2010); *United States v. Johnson*, 857 F.2d 500, 501 (8th Cir. 1988). These cases support the proper purpose and relevance findings here – which are not contested – but they arise in contexts sufficiently distinct from that involved here that they are of little value in connection with the Rule 403 balancing analysis.

3

at 6) (government acknowledging "the presence of ammunition and a bulletproof vest may be allusive to violence") There is, then, some risk that the jury will misuse the vest evidence and fail to focus on the one criminal offense for which Defendant is on trial. Overall, however, while the potential for unfair prejudice outweighs the probative value of the vest, it does not **substantially** outweigh the probative value, particularly because the Court will give the jury an appropriate limiting instruction. Thus, the Court is not persuaded that it should exclude the vest pursuant to Rule 403. *See generally United States v. Johnson*, 199 F.3d 123, 128 (3d Cir. 1999) ("In weighing the probative value of evidence against the dangers . . . the general rule is that the balance should be struck in favor of admission.") (internal quotation marks omitted).

Accordingly, the government's motion *in limine* (D.I. 42) is **GRANTED**. The parties shall, **no later than November 12**, submit their proposal(s) for the specific limiting instruction(s) the jury will receive at the time the evidence that is the subject of the government's motion is introduced at trial.

October 24, 2013  
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE

4